IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEIF'S AUTO COLLISION
CENTERS, LLC,
                Plaintiff,

     v.

PROGRESSIVE HALCYON INSURANCE CO.;
AMERICAN FAMILY INSURANCE GROUP, INC.;
SAFECO INSURANCE COMPANY OF OREGON;
ALLSTATE INSURANCE COMPANY OF OREGON;
FARMERS INSURANCE COMPANY OF OREGON;
and AIG NATIONAL INSURANCE COMPANY, INC.,
                Defendants.

CV. 05-1958-PK

FINDINGS AND
RECOMMENDATION

PAPAK, Magistrate Judge:

      Plaintiff Leif's Auto Collision Centers filed suit against six insurance defendants in state court in November 2005, claiming tortious interference with contract/prospective advantage under Oregon law. The defendants are: Allstate Insurance, an Illinois corporation; Farmer's Insurance, an Oregon corporation; Progressive Halcyon Insurance, an Ohio corporation; Safeco Insurance, an Oregon corporation; American Family Insurance, a Wisconsin corporation; and AIG National Insurance, a New York corporation. The defendants, with the exception of Safeco Insurance and Farmers Insurance, removed the case to federal court pursuant to 28 U.S.C. §§

1441 and 1446 and, thereafter, filed motions to sever and proceed separately.  Plaintiff filed a motion to remand on January 30, 2006, arguing this court lacks subject matter jurisdiction due to the absence of complete diversity of defendants.  For the reasons set forth below, the court recommends granting plaintiff's motion for remand and denying as moot defendants' motions to sever and proceed separately.[1]

## LEGAL STANDARD

An action filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over the action, such as when the claim arises under the Constitution, treaties, or laws of the United States.  28 U.S.C. § 1441(b).  In order for a federal district court to have jurisdiction to hear non-federal question claims, such as the tort claims presented here, two things are required:  the amount in controversy must be at least $75,000 per defendant, and there must be complete diversity, meaning each defendant is from a different state than the plaintiff.  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  A motion to remand is the proper procedure for challenging removal to district court.  See Northern California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1038 (9th Cir. 1995).

In addressing a motion to remand, the court looks to whether the case was properly removed to federal court in the first instance.  Salveson v. Western States Bankcard Ass'n, 731 F.2d 1423, 1426 (9th Cir. 1984).  The defendants have the burden of demonstrating that removal is appropriate by a preponderance of the evidence.  Cohn v. Petsmart, Inc., 281 F.3d 837, 839-40

---

[1] If this case is remanded, a district court would have no jurisdiction to decide the motions to sever or any other motions due to lack of jurisdiction.  See Seedman v. U.S. Dist. Court for Central D. of Cal., 837 F.2d 413, 414 (9th Cir. 1988).

(9th Cir. 2002); Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

## DISCUSSION

While defendants acknowledge that complete diversity does not exist in this case, they nonetheless ask this court to adopt and apply the legal doctrine of fraudulent misjoinder, also known as procedural misjoinder, to defeat plaintiff's motion to remand, citing Tapscott v. MS Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996). Professors Wright and Miller suggest that Tapscott identified a sub-category of fraudulent joinder.[2] See 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3723 at 656 (3d ed. 1998). "Procedural misjoinder" would be "plaintiff's purposeful attempt to defeat removal by joining together claims against two or more defendants where the presence of one would defeat removal and where in reality there is no sufficient factual nexus among the claims to satisfy the permissive joinder standard." Conk v. Richards and O'Neil, LLP, 77 F. Supp. 2d 956, 971 (S.D. Ind. 1999) (citing Wright and Miller at 656-57).

While the doctrine of procedural misjoinder has been adopted by several courts, its elements are far from clear. Some courts have held that the misjoinder of claims must be "egregious." See Tapscott; see also HVAC Sales, Inc. v. Zurich American Insurance Co., No. C-04-03615, 2005 WL 2216950 at *6 (N.D. Cal. July 25, 2005); Walton v. Tower Loan of Miss., 338 F. Supp. 2d 691, 695 (N.D. Miss. 2004); Sweeney v. Sherwin Williams, 304 F. Supp. 2d 868, 872 (S.D. Miss. 2002). Other courts have injected a bad faith standard into the analysis.

---

[2]Fraudulent joinder is the joinder of a non-diverse or "sham" defendant, that is a defendant against whom the plaintiff fails to state a cause of action and the failure is obvious according to the settled rules of the state, to defeat diversity jurisdiction. See Morris, 236 F.3d at 1067 (internal quotations and citations omitted). Here, the defendants admit that plaintiff has stated a cause of action against each of them.

Page 3 - FINDINGS AND RECOMMENDATION

See, e.g. Coleman v. Conseco, Inc., 238 F. Supp. 2d 804, 817 (S.D. Miss. 2004). Still other courts require that the misjoinder be purposeful or that misjoinder alone justifies application of the doctrine. See, e.g. In re Rezulin Products Liability Litigation, 168 F. Supp. 2d 136, 147-48 (S.D.N.Y. 2001); Burns v. Western Southern Life Ins. Co., 298 F. Supp. 2d 401, 403 (S.D.W.Va. 2004) (noting that considering the egregiousness of misjoinder "would add a very subjective and troublesome element of complexity to an already knotty calculus").

All courts that have considered the doctrine agree that procedural misjoinder may exist only when claims against diverse defendants have no real connection to the claims against non-diverse defendants such that joinder of the parties is improper under the applicable permissive joinder rule. Triggs v. Crump Toyota, 154 F.3d 1284, 1289-90 (11th Cir. 1998) (rejecting Tapscott and finding bad faith alone insufficient to warrant a finding of procedural misjoinder). In short, a claim of procedural misjoinder requires, at a minimum, proof that the defendants were not properly joined in the first instance.

The Ninth Circuit has not addressed much less adopted the doctrine of procedural misjoinder. Only the District of Nevada has applied the doctrine in this circuit. Greene v. Wyeth, 344 F. Supp. 2d 674 (D. Nev. 2004). In Greene, plaintiffs sued a drug manufacturer, its associates, a drug salesman, and a doctor because of the side effects of a diet drug. Each plaintiff obtained the drug from a different defendant under different circumstances. The court found the claims against the defendants did not arise out of the same transaction or occurrence, or series of transactions or occurrences, and therefore were not properly joined under FRCP 20(a). Greene, 344 F. Supp. 2d at 685. Applying the doctrine of procedural misjoinder, the court denied the plaintiffs' motion to remand the diverse defendants and severed the improperly joined

Page 4 - FINDINGS AND RECOMMENDATION

defendants. In justifying its adoption of the new rule, the court stated that procedural misjoinder "is a logical extension of the established precedent that a plaintiff may not fraudulently join a defendant in order to defeat diversity jurisdiction in federal court." Greene, 344 F. Supp. 2d at 684-685.

The doctrine has not fared as well in other courts in this circuit. In Brazina v. Paul Revere Life Insurance Co., 271 F. Supp. 2d 1163, 1172 (N.D. Cal. 2003), the court declined to apply procedural misjoinder and noted that even if the doctrine were applied, there was no evidence that the claims were so unrelated as to constitute "egregious" misjoinder. In Osborn v. Metropolitan Life Insurance Co., 341 F. Supp. 2d 1123, 1127 (E.D. Cal. 2004), the court rejected the doctrine and stated "the last thing the federal courts need is more procedural complexity" and "the better rule would require the defendant to resolve the claimed misjoinder in state court."[3] See also, HVAC Sales, Inc. v. Zurich American Insurance Co., No. C-04-03615, 2005 WL 2216950 at *6 (N.D. Cal. July 25, 2005) (declining to apply fraudulent misjoinder and reading Tapscott to apply in rare circumstances were egregiousness of plaintiffs' misjoinder is readily apparent).

Even if this court were to adopt the doctrine of procedural misjoinder, it would not lead to the result requested by defendants. First, there is nothing in the current record that suggests plaintiff acted egregiously or in bad faith in joining claims against these defendants. The claims arise from a common nucleus of facts and law. Plaintiff alleges that defendants have engaged in

---

[3]Professors Wright and Miller note that the Tapscott court's "admonition that not all procedural misjoinder rises to the level of fraudulent joinder" has added to the complexity of removal jurisdiction. They suggest that an aggrieved defendant could avoid this complexity by seeking relief from the misjoinder in state court and then, if the state court severs the claims against the different defendants, removing the severed claims to federal court at that time. Wright & Miller at 658.

Page 5 - FINDINGS AND RECOMMENDATION

a campaign to persuade insurance claimants and third-party claimants **not** to have repair work done at plaintiff's auto repair business. Instead, plaintiff alleges, defendants have encouraged prospective customers to have repairs performed at auto body shops that have agreements with defendants. Additionally, plaintiff alleges that defendants mislead claimants to believe that plaintiff overcharges, performs unnecessary repairs and delays repairs, and that claimants will be legally responsible for excess charges if they use plaintiff's repair business.

Second, this court is not persuaded that the defendants are misjoined in the first instance. The parties have briefed this issue under the permissive joinder standard of Rule 20 of the Federal Rules of Civil Procedure. However, since this case was originally filed in Oregon state court, this court is not persuaded that the federal rules provide the governing legal standard. Instead, the issue is whether there is a reasonable possibility that a state court, under ORCP 28, would find that plaintiff's claims against the various defendants were properly joined.

The Oregon rule on permissive joinder, which is nearly identical to the federal rule, states:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

ORCP 28(A).

While the case law interpreting ORCP 28 is sparse, the Court of Appeals noted that "judicial economy and trial convenience are key considerations in determining whether joinder is appropriate under ORCP 28." <u>Hampton Tree Farms v. Erickson</u>, 125 Or. App. 178, 194 (Or. Ct.

Page 6 - FINDINGS AND RECOMMENDATION

App. 1993) (citation omitted).

      While defendants here agree that plaintiff's allegations of tortious interference/prospective advantage present questions of law or fact common to all defendants, they do not believe that those allegations arise out of the same transaction, occurrence, or series of transactions or occurrences. Addressing the phrase "same series of transactions or occurrences" in the context of issue preclusion, the Oregon Court of Appeals stated: "Whether a constellation of factual circumstances constitutes a single 'factual transaction' is determined pragmatically, by giving weight to considerations that include time, space, origin, motivation, the similarity of acts, and whether the events form a convenient trial unit." Eli v. Lampert, 194 Or. App. 280, 285-86 (Or. Ct. App. 2004) (citing Whitaker v. Bank of Newport, 313 Or. 450 (1992)).

      To resolve fraudulent joinder claims, the court may look beyond the pleadings and consider evidence similar to that which is offered in summary judgement proceedings, such as affidavits and deposition testimony. Morris, 236 F.3d at 1067-68 (citation omitted). However, "the strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 (9th Cir. 1990). Thus, a district court resolves all questions of disputed fact and controlling law against the party seeking removal. Burden v. General Dynamics Corp., 60 F.3d 213, 217 (5th Cir. 1995) (citations omitted). The removal statute is strictly construed and any doubt about the right of removal is strictly construed in favor of remand. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).

      Plaintiff alleges that the claims in this case relate to or arise out the same or an inter-

related series of transactions or occurrences. For example, plaintiff claims that "[i]n some cases, multiple insurers are involved in the same accident. ... [w]hen that occurs, a customer will speak with claims representatives from both defendant insurance companies." Hansen Decl at 2. Taking the plaintiff's allegations as true for the purposes of this motion, this court finds it possible that an Oregon court would conclude that plaintiff's right to relief in this case arises out of the same series of transactions or occurrences.

Thus, even assuming for the sake of argument that the procedural misjoinder doctrine is applicable, the facts of this case do not support an argument that the defendants are improperly joined. Plaintiff has alleged facts to establish a sufficient factual nexus between the claims against the defendants, and therefore the joinder of the defendants appears appropriate under both the federal and Oregon rule of permissive joinder. This court does not rule out the possibility that as the details of the case take shape during the course of litigation, a state court may find the defendants improperly joined and decide to sever them. However, at this early stage in the proceedings, and on the facts which we have available and must take to be true, the plaintiff has properly joined the defendants, making procedural misjoinder inapplicable to this case.

This court is mindful of the prejudice defendants believe they will suffer as a result of remand. The defendants' interests, however, must be balanced against respect for the plaintiff's choice of forum, as well as the fact that the removal statute is strictly construed in favor of remand. All of these considerations are best served by remanding to state court. In this way, plaintiff's choice of forum can be accommodated, and at the same time, the defendants are free to address the issue of improper joinder by moving for severance in state court. If such motion is

Page 8 - FINDINGS AND RECOMMENDATION

granted, the diverse defendants will still be able to remove to federal court at that time.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for remand (No. 40) should be granted. Defendants' motions to sever (Nos. 8, 10, 16, 22) should be denied as moot.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due March 24, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 9th day of March, 2006.

        /s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge

Page 9 - FINDINGS AND RECOMMENDATION