UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEIF'S AUTO COLLISION CENTERS,

       Plaintiff,

      v.

PROGRESSIVE HALCYON INSURANCE
CO., AMERICAN FAMILY INSURANCE
GROUP, INC., et al.,

       Defendants.

Civil No. 05-1958-PK
ORDER

HAGGERTY, Chief Judge:

      Magistrate Judge Papak issued a Findings and Recommendation [52] recommending that

plaintiff's Motion for Remand [40] should be granted, and that defendants' Motions to Sever [8,

10, 16, 22] should be denied as moot.  Defendants filed objections, and the disputed Findings &

Recommendation was referred to this court for review.

      When a party objects to any portion of the Magistrate's Findings and Recommendation,

the district court must make a *de novo* determination of that portion of the Magistrate's report.  28

1  -- ORDER

U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Defendants filed objections in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, the objections, and the Record of the case. The objections are denied, and the Findings and Recommendation is adopted.

ANALYSIS

The Magistrate Judge reviewed this case thoroughly in the Findings and Recommendation and the relevant facts and legal reasoning need be recited only briefly.

Plaintiff Leif's Auto Collision Centers filed suit against six insurance defendants in state court in late 2005, asserting claims for tortious interference with contract/prospective advantage under Oregon law. Four defendants removed the case to federal court pursuant to 28 U.S.C. §§ 1441 and 1446. Subsequently, these defendants filed motions to sever and proceed separately.

Plaintiff filed a Motion to Remand on grounds that this court lacks subject matter jurisdiction because complete diversity of defendants is lacking. After a thorough and sound analysis of the applicable law, the Findings and Recommendation concluded that plaintiff's Motion for Remand should be granted, rendering defendants' motions to sever and proceed separately moot.

Defendants' objections reassert their position that a doctrine of "procedural misjoinder" or "fraudulent misjoinder" should be adopted and relied upon to defeat the motion to remand. This court has examined the authorities cited and the law relied upon in the Findings and Recommendation, and here adopts that Findings and Recommendation in full. The doctrine of procedural misjoinder should not be adopted in this case, and – even if applicable, would not

2  -- ORDER

preclude remand here. As the Findings and Recommendation determines correctly, the factual

background presented here fails to establish that defendants were joined improperly. The state

court should, and will, determine the propriety of plaintiff's joinder. Finally, after establishing that

remand was proper, the Findings and Recommendation correctly denied defendants' motions to

sever.

CONCLUSION

For the reasons provided above, defendants' objections [53, 54, 55, 57] are OVERRULED.

Plaintiff's Motion for Remand [40] is granted, and defendants' Motions to Sever [8, 10, 16, 22] are

denied as moot in accordance with the terms of the Findings and Recommendation [45], which is

hereby adopted in its entirety.

IT IS SO ORDERED.

Dated this 21   day of July, 2006.


      /s/Ancer L.Haggerty
            Ancer L. Haggerty
         United States District Judge

3  -- ORDER